CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 13 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLINTON CECIL HARDEN, ) | |
| Petitioner ) | Civil Action No. 7:11cv00192 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD W. CLARKE, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner, Clinton Cecil Harden, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Harden argues that the counsel provided ineffective assistance on three grounds. The Virginia Supreme Court found that one of his three ineffective assistance of counsel claims failed on its merits under Strickland v. Washington, 466 U.S. 668 (1984). This court finds that the state court's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. With regard to his remaining ineffective assistance of counsel claims, this court finds that Harden's claims are procedurally barred because he did not raise them in the state court and he has not demonstrated grounds to excuse his default. Therefore, the court grants respondent's motion to dismiss.

I.

After a bench trial in the Amherst County Circuit Court, Harden was convicted of possessing cocaine with the intent to distribute, possessing a firearm while possessing cocaine, and possessing a firearm as a convicted felon. The court sentenced Harden to a total term of 15 years and 6 months incarceration, with 8 years and 6 months of that time suspended. Harden appealed, arguing that the evidence was insufficient to support his convictions. The Court of

Appeals of Virginia denied his appeal. Harden appealed that denial to the Supreme Court of Virginia, which refused his appeal. Harden then filed a timely habeas petition in the Amherst County Circuit Court alleging that counsel provided ineffective assistance and that the prosecution engaged in misconduct. Specifically, Harden alleged that counsel was ineffective in: (1) failing to request that the preliminary hearing be recorded and transcribed and (2) failing to file a discovery motion to obtain copies of police reports; and that the prosecution engaged in misconduct by knowingly presenting perjured testimony at trial. The circuit denied his habeas petition, finding that his claims had no merit. Harden appealed and the Supreme Court of Virginia refused his appeal.[1] Harden then filed the instant federal habeas petition alleging that counsel provided ineffective assistance. Specifically, he alleges that counsel was ineffective in failing to: (1) request that the preliminary hearing be recorded; (2) advise Harden, prior to trial, as to the nature of Deputy Staton's expected testimony at trial, and (3) advise Harden, prior to trial, as to the nature of Deputy Ad cock's expected testimony at trial. The court served Harden's petition upon the respondent, and this matter is before the court on respondent's motion to dismiss.

## II.

Harden claims that counsel provided ineffective assistance in failing to request that the preliminary hearing be recorded. Harden argues that with a recording of the preliminary hearing, the defense could have cross-examined witnesses at trial to show that their testimony was false. The Supreme Court of Virginia adjudicated and rejected this claim, finding that it failed under Strickland v. Washington, 466 U.S. 668 (1984). This court finds that the state court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established

---

[1] In refusing Harden's petition for appeal on habeas review, the Supreme Court of Virginia, in effect, adjudicated Harden's claim on the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

2

federal law and did not result in a decision that was based on an unreasonable determination of the facts.[2] Accordingly, the court dismisses Harden's claim.

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney is acting reasonably. Id. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id.

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by Strickland . . . ." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not

---

[2] Harden's petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

3

whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Id. at 1420 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." Id.

Harden claims that counsel provided ineffective assistance in failing to request that the preliminary hearing be recorded. Harden argues that with a recording of the preliminary hearing, the defense could have cross-examined witnesses at trial to show that their testimony was false. In adjudicating this claim on habeas review, the state court found that Harden did not show that "a reasonable criminal defense attorney would necessarily have the preliminary hearing recorded and transcribed." The court further found that Harden did not proffer "what testimony was presented at the preliminary hearing that could have been used to successfully impeach the officers' trial testimony."[3] Rather, the court determined, Harden was only "speculat[ing] that the officers' trial testimony could have been impeached based upon their testimony at the preliminary hearing." The court also noted that the "record of trial reveals that counsel thoroughly cross-examined the officers about their investigation and argued to the court that their investigation was inadequate." Based on its findings, the state court determined that Harden did not establish that, but for counsel's failure to have the preliminary hearing recorded and

---

[3] The court notes that Harden now alleges in his federal habeas petition what testimony was given at the preliminary hearing by Deputies Staton and Adcock, and argues how that testimony was inconsistent with the trial testimony of the officers. However, this court cannot determine the issue based on facts which were not before the state habeas court. See Cullen v. Pinholster, 131 S.Ct. 1388, 1399 (2011) ("'The federal habeas scheme leaves primary responsibility with the state courts. . . .' Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." (citation omitted) "It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.") Therefore, this court's decision is rendered without consideration of the new facts presented in support of this claim. The court also notes that in response to the respondent's motion to dismiss, Harden expressly requests that the court not consider his new facts presented in support of this claim.

4

transcribed, there was a reasonable probability of a different outcome at trial and, thus, his claim failed under Strickland. This court finds that based on the record before it, the state court reasonably concluded that Harden did not demonstrate prejudice based on counsel's failure to request that the preliminary hearing be recorded. Without submitting which testimony could have and should have been impeached, Harden's claim is far too vague and conclusory to support a constitutional claim. See Nickerson v. Lee, 971 F.2d 1125, 1126 (4th Cir. 1992) abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255, 261 n.2 (4th Cir. 1999). Therefore, this court finds that the state court reasonably determined the facts and reasonably applied Strickland, the applicable United States Supreme Court precedent, in dismissing this claim. Accordingly, the court dismisses Harden's claim.

### III.

Harden also complains that counsel provided ineffective assistance in failing to advise him, prior to trial, as to the nature of the expected trial testimony of Deputies Staton and Adcock. The court finds that these claims are procedurally defaulted, and Harden has not demonstrated grounds to excuse his default. Therefore, the court dismisses these claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the exhaustion requirement, the federal claim nevertheless must be "fairly presented" to the state court. Picard v. Conner, 404 U.S. 270, 278, 275 (1971) (internal quotation marks omitted); Baker, 220 F.3d at 289. Fair presentation mandates that the federal claim "be presented faceup and squarely . . . . Oblique references which hint that a

5

theory may be lurking in the woodwork will not suffice." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). Rather, "both the operative facts and the controlling legal principles must be presented to the state court." Id. (internal quotation marks omitted); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Thus, in state court, the petitioner is obligated to identify the federal constitutional right purportedly infringed, identify the facts thought to support such a violation, and to explain how those facts establish a violation of his constitutional rights. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. See Duncan v. Henry, 513 U.S. 364, 366 (1995) (*per curiam*). In this case, Harden did not present these ineffective assistance of counsel claims to the Supreme Court of Virginia.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see Gray v. Netherland, 518 U.S. 152, 161 (1986). If Harden were to attempt to raise these claims to the Supreme Court of Virginia now, that court would find the claims are procedurally barred. See Va. Code § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus), § 8.01-654(A)(2) (state habeas statute of limitations). Consequently, Harden's claims are now simultaneously exhausted and procedurally barred from federal habeas review. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't. of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

6

Case 7:11-cv-00192-SGW  Document 20  Filed 09/13/11  Page 6 of 7  Pageid#: 232

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if she can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. In this case, nothing in the record would remotely support a claim of actual innocence and Harden offers nothing to excuse his procedural default. Accordingly, the court finds that these claims are barred from federal habeas review, and therefore, dismisses them.

V.

For the reasons stated herein, the court grants respondent's motion to dismiss and dismisses Harden's § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 13th day of September, 2011.

United States District Judge

7

Case 7:11-cv-00192-SGW   Document 20   Filed 09/13/11   Page 7 of 7   Pageid#: 233